FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 15  PM 3: 23

LORETTA G. WHYTE
CLERK

# UNITED STATES  DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COLUMBUS CHRIS WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-1169** |
| **TERREBONNE PARISH SHERIFF'S OFFICE, ET AL.** | **SECTION "R" (3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Columbus Chris Williams, a pretrial detainee at the Terrebonne Parish Criminal Justice Complex, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the Terrebonne Parish Sheriff's Office, the Terrebonne Parish Criminal Justice Complex Medical Department, Edward Byerly, Tommy Parkhill, and Katis Addis.  Because of plaintiff's long history of frivolous litigation in this Court, he was denied permission to proceed as a pauper in this action.[1]  However, he subsequently paid the filing fee in this and nine other lawsuits.

The Federal Rules of Civil Procedure provide:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, *shall* dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that

---

[1] Rec. Doc. 1.

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No _____

if the plaintiff shows good cause for the failure, the court shall extend the time for
service for an appropriate period.

Fed.R.Civ.P. 4(m) (emphasis added). More than one year ago, on September 22, 2004, plaintiff was

expressly put on notice by the Court that his claims would be dismissed if he failed to comply with

Rule 4(m).[2]

Plaintiff has filed various returns of service with this Court.  Rec. Docs. 22, 36, 37, 51, 52,

53, 54, 56, 57, 58, 59, 60, and 61.  On January 25, 2006, the undersigned notified plaintiff that not

one of those returns was proper. On that same date, it was ordered that, within fifteen days, plaintiff

file in the record proper proof that defendants have been served or show good cause for failing to

effect service.  Plaintiff was warned that if he failed to do so, the undersigned United States

Magistrate Judge would recommend that plaintiff's claims be dismissed without prejudice pursuant

to Rule 4(m).[3]

That deadline has passed, and plaintiff has not filed in the record proper proof that defendants

have been served or shown good cause for failing to effect service.  Rather, he simply asks that he

be allowed an extension of "50 or 60 days" to have the defendants served.[4]  The undersigned finds

that such an extension is not warranted.

Despite the passage of almost seventeenth months since this lawsuit was filed, plaintiff has

not properly served a single defendant.  The returns plaintiff filed into the record indicate that he

either attempted to serve the defendants himself, by mail or otherwise, or mailed copies of the

---

[2] Rec. Doc. 5.

[3] Rec. Doc. 88.

[4] Rec. Doc. 94.

summonses and complaints by first class mail to other individuals for service on the defendants. As a party, plaintiff cannot effect service himself. Fed.R.Civ.P. 4(c)(2). Additionally, service of the complaint by mail on in-state defendants is not proper under either federal or Louisiana law. Fed.R.Civ.P. 4(e) and 4(j)(2); La.C.Civ.P. art. 1231 *et seq.* Moreover, to the extent that plaintiff mailed the summons and complaints to others for service, the Federal Rules of Civil Procedure require that *the person actually effecting service* make proof thereof by affidavit to the Court. Fed.R.Civ.P. 4(l). No such affidavits have been filed in this case.

Accordingly, plaintiff has failed to establish that any defendant was ever properly served with the complaint and summons. Moreover, no defendant has answered or given this Court any other indication whatsoever that he or she was in fact served.

Plaintiff essentially argues that he did his best to attempt to serve the defendants and simply did not know any better. The Court is aware that plaintiff is proceeding *pro se*; however, that does not relieve him of the obligation to become familiar and comply with the relevant rules of procedural and substantive law. The United States Fifth Circuit Court of Appeals has expressly held that a plaintiff's *pro se* status and ignorance of the law do not exempt him from the rule that he effect proper service in a timely fashion. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); see also Roberts v. United States Department of Army, No. 01-30377, 275 F.3d 42 (5th Cir. Sept. 26, 2001) (unpublished; available on Westlaw). Moreover, plaintiff is hardly a newcomer to federal litigation. Rather, he is an abusive and recreational litigator of the worst sort, having filed more than twenty *pro se* lawsuits in this Court alone. Such a prolific litigator should certainly be aware of at least his basic obligations in filing and pursuing his civil actions, including service of the summons and complaint upon those whom he targets in his lawsuits.

- 3 -

In summary, well over a year has elapsed since this lawsuit was filed and plaintiff was put on notice by the Court that his claims would be dismissed if he failed to comply with Rule 4(m). Nevertheless, despite that warning and being given the opportunity to do so, plaintiff has failed to properly serve the defendants or to show good cause for failing to effect service. Accordingly, the Court finds that it is now appropriate for the complaint to be dismissed.[5]

In light of the foregoing, the Court additionally finds that it is appropriate to deny plaintiff's motion for summary judgment, Rec. Doc. 55,[6] and his numerous motions for default judgment, Rec. Docs. 68, 75, 76, and 77.[7]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's motion for summary judgment, Rec. Doc. 55, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's motions for default judgment, Rec. Docs. 68, 75, 76, and 77, be **DENIED**.

---

[5] The Court is aware that the statute of limitations would bar plaintiff from recovering against the defendants in a new lawsuit filed with respect to these claims. However, the United States Fifth Circuit Court of Appeals has expressly held that a dismissal for failure to effect timely service is "not unwarranted simply because the limitations period has run." McDonald v. United States, 898 F.2d 466, 468 (5th Cir. 1990).

[6] Clearly, summary judgment is not warranted with respect to defendants who have never been served.

[7] A plaintiff obviously is not entitled to the entry of a default judgment against a defendant whom he has never served. Moreover, in any event, the entry of a default judgment is matter of discretion and "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. In fact, default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). Additionally, the Court notes that this civil action is subject to the Prison Litigation Reform Act of 1995, which provides that no relief shall be granted to an inmate until the defendant has filed a reply. 42 U.S.C. § 1997e(g)(1).

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for an extension of time to serve defendants, Rec. Doc. 94, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 4(m).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _____14_____ day of February, 2006.


                                    DANIEL E. KNOWLES, III
                                    UNITED STATES MAGISTRATE JUDGE