UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**COLUMBIAS CHRIS WILLIAMS**  **CIVIL ACTION**

**VERSUS**  **NO. 04-1169**

**TERREBONNE PARISH SHERIFF'S**  **SECTION "R" (3)**
**OFFICE, ET AL.**

**REPORT AND RECOMMENDATION**

In 2004, plaintiff, Columbus Chris Williams, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the Terrebonne Parish Sheriff's Office, the Terrebonne Parish Criminal Justice Complex Medical Department, Edward Byerly, Tommy Parkhill, and Katis Addis. Because of plaintiff's long history of frivolous litigation in this Court, he was denied permission to proceed as a pauper in this action.[1] However, he subsequently paid the filing fee in this and nine other lawsuits.

As of March 2006, not a single defendant in this matter had been properly served,[2] and, on March 9, 2006, the United States District Judge dismissed plaintiff's complaint pursuant to Federal

---

[1] Rec. Doc. 1.

[2] See Rec. Doc. 95.

Rule of Civil Procedure 4(m).[3]

On plaintiff's motion, the United States District Judge subsequently reopened the case on May 10, 2007, and ordered plaintiff to effect proper service within one hundred twenty (120) days. The District Judge expressly warned plaintiff that "[f]ailure to effect proper service will result in dismissal of this case with prejudice under Federal Rule of Civil Procedure 41(b)." That deadline has passed and, once again, there is no evidence in the record establishing that a single defendant has been properly served. Accordingly, this matter should be dismissed for failure to prosecute.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, despite the passage of more than three years since the complaint was filed, and in direct violation of the United States District Judge's order, plaintiff has not effected proper service as required by law. Due solely to plaintiff's repeated failures and disregard of this Court's orders, it is impossible to advance this case on the

---

[3] Rec. Doc. 97.

docket. Accordingly, dismissal for failure to prosecute is clearly warranted.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this twelfth day of September, 2007.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**